UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARCUS MABLE, JR.,

      Plaintiff,

v.

DEAN HAGEN, JODI GIDDAS, FLOREZC,
HATCH, RUTTEN, MONIO, SYMMS,
STANLEY, AYERS, M. GREEN, and
KENT GRANDLIENARD,

      Defendants.

Civil No. 06-1283 (JNE/JJG)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 13), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915.  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's application to proceed IFP be denied, and that this action be summarily dismissed without prejudice.

      Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983.  (Docket No. 1.)  He did not pay the $250.00 filing fee required by 28 U.S.C. § 1914, but instead filed his first application seeking leave to proceed IFP. (Docket No. 2.)  The Court noted, however, that (i) Plaintiff's first IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).  Both of Plaintiff's

omissions were called to his attention by this Court's order of April 7, 2006. (Docket No. 6.) That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that would include the requisite certified trust account information, <u>and</u> (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with <u>both</u> of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On April 25, 2006, Plaintiff filed the Amended IFP Application that is now before the Court, (Docket No. 13), and that application does include the trust account information required by § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order, as he has not tendered the initial partial filing fee prescribed by § 1915(b)(1).[2] Plaintiff has not offered any explanation for his failure to pay the required fee.

---

[1] The Court's prior order stated: "Plaintiff will be required to submit <u>both</u> a new IFP application, <u>and</u> his initial partial filing fee, within twenty (20) days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated April 7, 2006, [Docket No. 6], p. 3, [emphasis in the original order].)

[2] According to the "Certificate" section of Plaintiff's Amended IFP Application, the amount of the average monthly deposits to his prison trust account during the past six months was $35.24, while the average monthly balance during the same period was $16.81. The initial partial filing fee required by § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts, which in this case would be $7.05, ($35.24 x 20% = $7.05).

The Court has recently learned, however, that Plaintiff has already had three previous federal civil actions dismissed, because his pleadings were frivolous, or failed to state a claim on which relief could be granted. (See <u>Mable v. Mellissa</u>, Civil No. 01-1229 (MJD/JMM); <u>Mable v. Whopps</u>, Civil No. 03-5250 (MJD/JGL); <u>Mable v. Conkel</u>, Civil No. 05-2364 (JNE/JJG).) As a result of those three prior dismissals, Plaintiff is presently subject to the "three strikes rule" set forth at 28 U.S.C. § 1915(g), which means that he can no longer be granted IFP status in federal court, (unless his complaint includes credible allegations showing

Thus, the Court finds that Plaintiff has failed to comply with the requirements of the prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order in a timely manner, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice.  Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), and Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 13), be **DENIED**; and

---

that he is presently "under imminent danger of serious physical injury").  Therefore, it is now evident that even if Plaintiff had tendered the initial partial filing fee prescribed by § 1915(b)(1), he still could not be granted leave to proceed IFP; but rather, he would be required to pay the full $250.00 fee in order to prosecute his claims.

    2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 8, 2006                                       s/Jeanne J. Graham

 

                                                      JEANNE J. GRAHAM
                                                    United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by May 25, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.